08-2915-ag
Wang v. Holder

BIA
A077 653 387

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of December, two thousand nine.

PRESENT:
>        JON O. NEWMAN,
>        RALPH K. WINTER,
>        REENA RAGGI,
>            *Circuit Judges*.

───────────────────────────────────

KONG SONG WANG,
>        *Petitioner*,

>        v.                                    08-2915-ag
>                                              NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

───────────────────────────────────

───────────────────

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

FOR PETITIONER:          Nan Shen, New York, New York.

FOR RESPONDENT:          Gregory G. Katsas, Assistant
                         Attorney General; Blair T. O'Connor,
                         Assistant Director; Edward Durant,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kong Song Wang, a native and citizen of the People's Republic of China, seeks review of the May 14, 2008 order of the BIA denying his motion to reopen, *In re Kong Song Wang*, No. A77 653 387 (BIA May 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien seeking to reopen removal proceedings must file a motion to reopen no later than 90 days after the final administrative decision is rendered in his case. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is "based on changed

2

circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii).

There is no question that Wang's January 14, 2008 motion to reopen, filed more than five years after the BIA's final order of November 12, 2002, was out of time. Nor do we detect abuse of discretion in the BIA's conclusion that Wang failed to present material and previously unavailable evidence of changed country conditions, as required to excuse his untimeliness. Rather, he asserted entitlement to relief based on (1) the fact that his wife had given birth to a U.S. citizen child and was pregnant again; and (2) his decision, since arriving in the United States, to take up the practice of Falun Gong. These facts evidencing changed *personal* circumstances do not warrant the relief Wang seeks. *See Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). We likewise identify no abuse of discretion in the BIA's reliance on a previous adverse credibility finding in declining to credit either (1) Wang's two letters purportedly demonstrating changed circumstances or (2) his professed devotion to Falun

3

Gong.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 250 (BIA 2007).

We conclude that the BIA did not abuse its discretion in denying Wang's untimely motion to reopen.  *See Kaur*, 413 F.3d at 233; 8 C.F.R. § 1003.2(c)(2).  Thus, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

4